IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) DYLAN GIPSON,<br><br>(2) MEGAN KELLY,<br><br>(3) M. J. G., A MINOR BY AND THROUGH RUSSELL A. GIPSON, HIS NATURAL PARENT, AND<br><br>(4) RUSSELL A. GIPSON, INDIVIDUALLY,<br><br>    Plaintiffs,<br>vs.<br><br>(1) CHRISTOPHER J. MAHON,<br><br>    Defendant. | Case No.  CIV-21-1109-F |

## COMPLAINT

COME NOW the Plaintiffs, by and through counsel, Naureen Hubbard of Sweet Law, PLC and Carlie J. Cramer and Dustin L. DeVaughn of DeVaughn James Injury Lawyers, state and allege the following against the Defendant Christopher J. Mahon:

**A.   PARTIES**

1. Plaintiff Dylan Gipson is a Kansas resident and citizen that resides at 806 S. St. Clair St., Wichita, KS 67213.

2. Plaintiff Megan Kelly is a Kansas resident and citizen that resides at 122 S. Springwood, Derby, KS 67037

3. Plaintiff M. J. G., a minor, by and through Russel A. Gipson, is a Kansas resident and citizen that resides at 122 S. Springwood, Derby, KS 67037.

4. Plaintiff Russell A. Gipson is a Kansas resident and citizen that resides at 122 S. Springwood, Derby, KS 67037.

5. Defendant Christopher J. Mahon is an Oklahoma resident and citizen that resides at 2805 Ames Ave., Ponca City, OK 74604, and may be served at that address.

### B. JURISDICTION AND VENUE

6. This Court has jurisdiction over the parties and the subject matter.

7. Venue is proper in the United States District Court in the Western District of Oklahoma.

8. This incident took place in Kay County, Oklahoma on July 4, 2020.

9. This action is brought pursuant to 28 U.S.C. 1332 (a) on the basis of diversity of citizenship.

10. The matter is in excess of the sum of Seventy-Five Thousand dollars ($75,000) exclusive of interests and costs.

### C. NATURE OF ACTION

11. This is a personal injury action arising out of an incident involving carbon monoxide exposure on a boat owned by Defendant and occupied by Plaintiffs.

### D. ALLEGATIONS OF NEGLICENCE AND NEGLIGENCE PER SE

12. On or about July 4, 2020, Defendant was operating a boat on Kaw Lake in which Plaintiffs were passengers.

13. At the time of the incident, Defendant was the owner of the 1989 Wellcraft Cruiser Cabin Motorboat.

14. At approximately 4:45 pm, Plaintiffs began feeling extremely ill onboard the boat.

15. Plaintiffs suffered from Carbon Monoxide poisoning as a result of Defendant's negligence.

16. Defendant was operating a vessel on waters in the state of Oklahoma, and as such, the provisions of the Oklahoma Boating Safety Regulations Act apply.

17. Defendant is negligent per se for failure to comply with Oklahoma Boating Safety Regulation Act OK ST T. 63 § 4215, which states that "[t]he owner of a vessel shall be liable for any injury or damage occasioned by the negligent operation of such vessel, whether such negligence consists of a violation of the provisions of the statutes of this state, or the violation of any municipal ordinance, or neglecting to observe such ordinary care and such operation as the rules of the common law require."

18. It is industry standard to have a properly functioning carbon monoxide detector onboard, and to regularly inspect such device to ensure it is functioning properly.

19. Christopher Mahon, was negligent for the following reasons:

    a. Failure to maintain the vessel in a safe operating condition;

    b. Failure to properly maintain the onboard Carbon Monoxide Detector and/or test it for proper operation;

    c. Failure to exercise due care;

    d. Failure to prevent a hazardous condition;

    e. Failure to maintain a safe environment;

    f. Failure to detect a hazardous condition;

    g. Failure to warn passengers of a hazardous condition;

    h. Failure to remedy a hazardous condition;

    i. Concealing a dangerous condition;

    j. Negligent operation of a vessel;

  k. Recklessly operating a vessel in a condition that causes a hazard to those on board;

  l. Adopting a mode of operation in which the dangerous condition could regularly occur;

  m. Recklessly causing bodily harm; and,

  n. Failure to act as a reasonable boat owner.

20. The negligence of Defendant, Christopher Mahon, proximately caused the incident and the personal injuries and damages of Plaintiffs.

21. As a result of the Defendant's negligence, Plaintiffs sustained severe personal injuries. Plaintiffs' damages include past medical expenses, future medical expenses, past and future economic damages, and past and future non-economic damages including pain, suffering, and mental anguish.

WHEREFORE, Plaintiffs request judgment against Defendant for an amount in excess of $75,000.00 plus costs and any further relief this Court deems fair, just and equitable.

Respectfully submitted,

By: */s/ Naureen Hubbard*
Naureen Hubbard, OK #20604
SWEET LAW FIRM
24 W. Park Place
Oklahoma City, OK  73103
[P] 405-601-9400
[F] 405-601-9444
Naureen.hubbard@sweetlawfirm.com

*~ and ~*

By:    */s/ Carlie J. Cramer*
       Carlie J. Cramer, #28593
       Dustin L. DeVaughn
       DeVaughn James Injury Lawyers
       3241 N. Toben St.
       Wichita, KS 67226
       ccramer@devaughnjames.com
       ddevaughn@devaughnjames.com

*Attorneys for Plaintiffs*

**JURY TRIAL DEMANDED**
**ATTORNEY'S LIEN CLAIMED**